MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
wjohnson@mayerbrown.com
Michael A. Molano (SBN 171057)
mmolano@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile:   (650) 331-2060
[Additional Counsel on Signature Page]

**Note changes made by the Court.**

Attorneys for Koninklijke Philips Electronics N.V., Philips Electronics North
America Corporation, and Philips Lumileds Lighting Company LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V.; and PHILIPS LUMILEDS LIGHTING COMPANY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SEOUL SEMICONDUCTOR COMPANY, LTD.; and SEOUL SEMICONDUCTOR, INC.,<br><br>Defendants. | Case No. SACV11-00356 AG (RNBx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Robert N. Block |
| SEOUL SEMICONDUCTOR COMPANY, LTD.; and SEOUL SEMICONDUCTOR, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY LLC; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; and KONINKLIJKE PHILIPS ELECTRONICS N.V.,<br><br>Counterdefendants. | |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   **Challenging Party**:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   **CONFIDENTIAL Information or Items**:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   **Counsel**:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   **Designating Party**:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

AMECURRENT 700742315.1 14-Nov-11 20:42

2.5     **Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     **Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     **HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items**:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     **In-House Counsel**:  attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     **Non-Party**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   **Outside Counsel of Record**:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   **Party**:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

2.12   **Producing Party**:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   **Professional Vendors**:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   **Protected Material**:  any Disclosure or Discovery Material that is designated as CONFIDENTIAL, or as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

2.15   **Qualified Persons**:  individuals to whom certain Protected Material may be disclosed.

2.15(a)        **Highly Confidential Qualified Persons**.

Highly Confidential Qualified Persons include the following:

(1)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(2)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(b), below, have been followed;

(3)    the court and its personnel;

(4)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

(5)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(6)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

2.15(b)     **Confidential Qualified Persons**.

Confidential Qualified Persons include the following:

(1)     Highly Confidential Qualified Persons, defined above; and

(2)     Up to two (2) Designated In-House Counsel, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and his or her support staff, to whom disclosure is reasonably necessary for this litigation.[1]

2.16     **Receiving Party**:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

---

[1] The Parties may, by mutual agreement and with approval of the Court, expand this definition to include certain client representatives of the Parties, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), for purposes of facilitating settlement and/or mediation or other purposes that serve the interests of justice.

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material

However, the protections conferred by this Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**      <u>**DURATION**</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**      <u>**DESIGNATING PROTECTED MATERIAL**</u>

5.1      **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material,

AMECURRENT 700742315.1 14-Nov-11 20:42

documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations.**

Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      *for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to each page that contains Protected Material.*

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for

AMECURRENT 700742315.1 14-Nov-11 20:42

1   inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

2   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

3   documents it wants copied and produced, the Producing Party must determine

4   which documents, or portions thereof, qualify for protection under this Order.

5   Then, before producing the specified documents, the Producing Party must affix

6   the appropriate legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL –

7   OUTSIDE ATTORNEYS' EYES ONLY) to each page that contains Protected

8   Material.

9          (b)    *for testimony given in deposition, that the Designating Party identify*

10   *on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all*

11   *protected testimony and specify the level of protection being asserted.*

12          When it is impractical to identify separately each portion of testimony that is

13   entitled to protection and it appears that substantial portions of the testimony may

14   qualify for protection, the Designating Party may invoke on the record (before the

15   deposition, hearing, or other proceeding is concluded) a right to have up to 21 days

16   to identify the specific portions of the testimony as to which protection is sought

17   and to specify the level of protection being asserted.  Only those portions of the

18   testimony that are appropriately designated for protection within the 21 days shall

19   be covered by the provisions of this Protective Order.      Alternatively, a

20   Designating Party may specify, at the deposition or up to 21 days afterwards if that

21   period is properly invoked, that the entire transcript shall be treated as

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

23   EYES ONLY."

24          Parties shall give the other parties notice if they reasonably expect a

25   deposition, hearing or other proceeding to include Protected Material so that the

26   other parties can ensure that only Qualified Persons are present at those

27   proceedings.  The use of a document as an exhibit at a deposition shall not in any

28

way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

This provision applies only with respect to deposition testimony, and not to testimony presented at Court hearings or proceedings.

(c)     *for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.*

If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     **Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1   Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 6.2   Meet and Confer.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice.

In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

AMECURRENT 700742315.1 14-Nov-11 20:42

6.3   **Judicial Intervention.**

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37-1through 37-4 (and in compliance with Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph, and must be in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain

AMECURRENT 700742315.1 14-Nov-11 20:42

confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2 Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY only to Highly Confidential Qualified Persons as defined above.

### 7.3 Disclosure of CONFIDENTIAL Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to Confidential Qualified Persons as defined above.

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

### 7.4    Procedures for Approving or Objecting to Disclosure of Protected Material to Designated In-House Counsel or Experts.

(a)     *Qualifications for Designated In-House Counsel.*

Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any Protected Material first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.

(b)     *Qualifications for Experts.*

Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Protected Material first must make a written request to the Designating Party that

(1)     identifies the general categories of Protected Material that the Receiving Party seeks permission to disclose to the Expert,

(2)     sets forth the full name of the Expert and the city and state of his or her primary residence,

(3)     attaches a copy of the Expert's current resume,

(4)     identifies the Expert's current employer(s),

(5)     identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

(6)    identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(c)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(d)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated In-House Counsel or the Expert may file a motion as provided Local Rule 37-1 through 37-4 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to Designated In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

AMECURRENT 700742315.1 14-Nov-11 20:42

proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.  Any motion or application brought pursuant to this provision must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

### 8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the inventions and of highly confidential technical information to be produced, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" as used in this paragraph includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, but does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

### 9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

The Designating Party shall bear the burden and expense of seeking protection of its Protected Material with respect to subpoenas or court orders issued in other litigation – and nothing contained in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

## 10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1           1.     promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

           2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

           3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.

If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately

(a)     notify in writing the Designating Party of the unauthorized disclosures,

(b)     use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c)     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

AMECURRENT 700742315.1 14-Nov-11 20:42

(d)      request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.      CLAW BACK OF INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

(a)      Given the likely extensive volume of e-discovery in this action and the prohibitive costs of manual review of such voluminous materials that may be subject to a claim of privilege or other protection, the inadvertent or unintentional production of privileged materials does not waive any privilege or protection that would otherwise apply to such materials.  The Parties and their counsel will take reasonable steps to identify and prevent disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity ("Privileged Material") prior to the disclosure of any such information to any Receiving Party.  Because each Party will take reasonable steps to identify and prevent disclosure of Privileged Material, any disclosure of Privileged Material will be presumed to be inadvertent.  Further, the fact of disclosure may not be used against the Producing Party to support or find a waiver of any privilege or protection that would otherwise apply to such materials.

(b)      When a Producing Party gives notice to a Receiving Party that inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), with the following clarification.

(1)      If a Party discovers that Privileged Material has been produced to a Receiving Party, the Producing Party may provide written notice of the production of that Privileged Material to any Party that received the information of the claim and provide a specific identification of the privileged material and the claimed basis for the asserted privilege or protection, including at least the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii) (a "Clawback Request").

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

(2)     After receiving a Clawback Request, the Receiving Party must within five (5) calendar days: (i) return, sequester, or destroy all copies of the information specified in the Clawback Request and any notes, summaries, or other memorializations of the information in those copies; and (ii) provide written confirmation that it will not use or disclose the information specified in the Clawback Request until any dispute regarding the claim of privilege or protection is resolved, or if it has already used or disclosed the information, that it has retrieved or destroyed the information and taken all reasonable steps to prevent its further use or disclosure.

(3)     If any Party challenges the claim of privilege or other protection and/or disputes whether a waiver has occurred, that Party may promptly present the information to the court under seal for a determination of the claim.  The Party or parties returning or destroying Privileged Material subject to a Clawback Request shall not assert as a ground for entering an order compelling production of such materials the fact or circumstances of the inadvertent or unintentional production. During the pendency of such dispute, the Producing Party must preserve the Privileged Material subject to the Clawback Request until the claim is resolved. Any motion or application brought pursuant to this provision must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

(c)     Nothing in this Protective Order affects the ethical obligations of any Receiving Party in the event that the Receiving Party identifies Discovery Material that may be subject to a claim of protection under the attorney-client privilege, work-product doctrine, or any other privilege or immunity.

(d)     Nothing in this Protective Order affects any right of any Party to argue under Federal Rule of Evidence 502 or any other applicable law that any disclosure of Privileged Material did not operate as a waiver.

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

### 13.   MISCELLANEOUS

13.1   **Right to Further Relief.**

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   **Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   **Filing Protected Material.**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential - Outside Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### 14.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Counsel are also entitled to retain electronic copies of Protected Material created through the routine, good-faith operation of Counsel's standard archival and backup procedures.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: November 15, 2011

_____
Honorable Robert N. Block
United States Magistrate Judge

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  _____11/14 /2011_____    MAYER BROWN LLP


By: _/s/ John M. Neukom_____
        Edward D. Johnson
        Michael A. Molano
        John M. Neukom
        Cliff A. Maier

Attorneys for Plaintiffs and/or
Counterclaim Defendants
**PHILIPS LUMILEDS LIGHTING
COMPANY LLC, PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION, and KONINKLIJKE
PHILIPS ELECTRONICS N.V.**


Dated:  _____11/14/2011_____    LATHAM & WATKINS LLP


By: _/s/ Franklin D. Kang_____
        Lawrence J. Gotts
        Franklin D. Kang
        Ryan R. Owens

Attorneys for Defendants and
Counterclaimants
**SEOUL SEMICONDUCTOR
COMPANY, LTD. AND
SEOUL SEMICONDUCTOR, INC.**

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42

**Exhibit A**
**Acknowledgment and Agreement to be Bound**

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2011, in the case of *Koninklijke Philips Electronics N.V. et al. v. Seoul Semiconductor, Ltd.*, Case No. SACV11-00356 AG (RNBx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Case No. SACV11-00356 AG (RNBx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

AMECURRENT 700742315.1 14-Nov-11 20:42